FRED W. COLLINS, RESPONDENT, v. WILLIAM A. TANSEY, APPELLANT.

T. MALCOLM HAVERIN, RESPONDENT, v. WILLIAM A. TANSEY, APPELLANT.

Submitted June 6, 1924—Decided October 29, 1924.

On appeal from the Supreme Court.

For the appellants, *Michael J. Tansey.*

For the respondents, *J. Raymond Tiffany.*

PER CURIAM.

These are two appeals in libel cases from judgments for the plaintiffs. The cases were tried together. In the one there was a verdict for the plaintiff, Fred W. Collins, for $500, and in the other there was a verdict for the plaintiff, T. Malcolm Haverin, for six cents ($0.06). The alleged libels grew out of writings made by the defendant on the envelopes of letters addressed to the defendant, which were returned by him unopened. There are twenty-five grounds of appeal filed with seven subdivisions, A, B, C, D, E, F, G. They all allege trial errors as grounds for a reversal of the judgments.

The first ground deals with questions asked of a defendant's witness. These questions dealt with the attitude of the plaintiff toward the American Medical Association. These questions were properly excluded on the ground that they were irrelevant to the controversy, even if, the plaintiffs had antipathy to the American Medical Association, there was no ground for their being libeled by Dr. Tansey.

The second exception deals with the refusal to permit a question to be answered by Haverin, as to whether the Palmer Chiropractic College does not practice iridology. This was properly excluded. Moreover, there is no ground stated for the objection when the objection was entered. It is also

contended that the motion to nonsuit should have been granted. The evidence offered by the plaintiffs showed that the writings were libels *per se* and that *prima facie* cases for the plaintiffs were made out so that no nonsuits could properly be directed.

Ground of appeal number 7. This deals with the question asked plaintiff by his counsel as follows: *"Q.* Dr., you know, do you not, that in the public press there has been from time to time considerable written about certain doctors giving promiscuously permits for strong alcoholic beverages? *A.* Yes, sir." This was then objected to. While the objection came too late, the relevancy of the question is not apparent, but, nevertheless, there was no objection until after it was answered.

The eighth ground of appeal deals with a question asked of Hauseling by defendant's counsel and that was as to whether he, as a physician, might advertise any special ability. This was clearly irrelevant.

The ninth ground of appeal deals with the attempt of the defendant to contradict a death certificate given by Collins in which he said that the secondary cause of death was probably the administration of arsenic or strychnine by the medical doctor. This was properly overruled as irrelevant.

The tenth ground of appeal was the same.

The eleventh ground of appeal relates to permitting a witness by the name of Berkennaire to prove that he received beneficial results from the treatment of Collins. This was admissible in view of the defense set up that the plaintiffs were quacks.

Grounds of appeals 12, 13 are the same.

Ground of appeal 14 deals with the admission of a chart. This was a chart used in iridology. There is no objection to the admission of this chart, but if wrongly admitted it was not harmful as there were other charts in evidence of the same character.

Grounds of appeals 15 and 16 deal with the rulings of the trial court in admitting evidence given by one Andres as to his condition. In these cases the objections were made after

the questions had been answered and there is no ground stated for the objections. The words "objected to" are merely used.

The seventeenth ground of appeal is with reference to the admission of the application of Mecca College to the state board of education for a license to carry on its business of education in the State of New Jersey and to give a degree in the State of New Jersey. There was no exception taken to the court's ruling on this matter.

Grounds of appeals 18 and 19 deal with the admission of a certificate of Thomas F. Martin, secretary of state, and of a certified copy of the incorporation of the Delaware company. This was admissible, because it negatived the idea that the Mecca College was acting improperly in the granting of diplomas. It could do so at the places where the diplomas were granted.

Ground of appeal 20 deals with the same questions as heretofore considered, namely, the admission of the testimony of parties to show that they had been aided by chiropractic and iridology. This was admissible for the reasons given.

Ground of appeal 21 deals with the striking out of both the counts of the defendant's counter-claim. These were properly struck out, because there was no cause of action alleged therein.

Ground of appeal number 22 deals with that portion of the charge which stated that the plaintiffs were not to be judged by the standard of those who held the degree of M.D., &c. This was proper. They were not to be judged by the standards of a different school of medicine.

Ground of appeal 23 deals with what the trial court said to the jury to the effect that they were not to be characterized as "quacks and fakirs" if they practice according to chiropractic standards. This was correct, as chiropractice is recognized by statute.

Ground of appeal number 24 deals with the subject of the address "For Me" on the envelope in which the matter was mailed. The effect of the use of these words "for me" did not justify the method of resentment taken by the defendant. What the court said in this respect was correct.

Ground of appeal number 25 deals with certain requests. An examination of these show that they were properly refused.

As to request number 7, in reference to provocation, the better rule and weight of authority supporting the rule is, that actual or compensatory damages are not in any case subject to mitigation by proof of mere provocation or of malice. 8 *R. C. L.* 551; *La Porta* v. *Leonard,* 88 *N. J. L.* 663, 668. The request was too broad and therefore properly refused.

The judgment in each case is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, KAYS, JJ. 13.

*For reversal*—None.